IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| KINSALE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>             v.<br><br>JAZATLANTA 438, LLC and MICHAEL MCCONNELL,<br><br>    Defendants. | Civil Action No.<br>1:19-cv-02044-SDG |

## OPINION AND ORDER

This matter is before the Court on Defendant JazAtlanta 438, LLC's (JazAtlanta) motion for summary judgment [ECF 31] and Plaintiff Kinsale Insurance Company's (Kinsale) motion for summary judgment [ECF 32]. For the following reasons, JazAtlanta's motion is **DENIED** and Kinsale's motion is **GRANTED**.

I.     BACKGROUND

Unless otherwise noted, the following facts are not disputed by the parties or are supported by undisputed evidence in the record. Kinsale issued a commercial general liability insurance policy to JazAtlanta—Policy No. 0100040123-01—with an effective term of June 24, 2017 through June 24, 2018

(the Policy).[1] Under the Policy, Kinsale agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."[2] The Policy contained an endorsement—entitled "Exclusion–All Construction"—that stated:

> This insurance does not apply to any claim or "suit" for "bodily injury" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving any construction, development, reconstruction, rebuilding, restoration, renovation, remodeling, repair, upgrading, improvement, or refurbishing of any building or structure of any description.[3]

According to the Policy, if Kinsale does not have an obligation to provide insurance coverage, then it likewise has no duty to defend the insured.[4]

On March 19, 2019, Defendant Michael McConnell filed a lawsuit against JazAtlanta in the State Court of Gwinnett County, civil action file number 19-C-01955-S3 (the Underlying Lawsuit).[5] In the Underlying Lawsuit, McConnell asserted a claim for negligence concerning an incident at The Park at Bouldercrest

---

[1] ECF 1. *See also* ECF 32-3 (the Policy).

[2] ECF 32-3, at 6.

[3] *Id.* at 46.

[4] *Id.* at 44.

[5] ECF 32-4 (Underlying Lawsuit).

Apartments (the Property), which are owned by JazAtlanta.[6] Specifically, on January 25, 2018, McConnell was performing carpentry work at the Property as an employee of Elez General Construction Company (Elez).[7] After completing his work for the day, McConnell attempted to leave the Property in a vehicle with two of his co-workers.[8] However, the Property's exit was blocked by a closed steel gate.[9] McConnell exited the vehicle and attempted to open the gate; however, it immediately fell on McConnell and crushed his foot and ankle.[10]

Kinsale initiated this action on May 6, 2019, asserting one claim for a declaratory judgment.[11] Kinsale seeks a judicial declaration that it has no duty to defend or indemnify JazAtlanta in the Underlying Lawsuit.[12] On July 10, 2019, JazAtlanta filed its Answer and a declaratory judgment counterclaim against

---

[6]   *Id.*

[7]   ECF 32-2, ¶6; ECF 32-4, ¶ 5; ECF 37-1, ¶ 8. JazAtlanta had previously entered into a contract with Elez to renovate certain aspects of the Property [*id.*].

[8]   ECF 37-1, ¶ 12; ECF 31-10 (McConnell Dep. R. 25:21–26:6).

[9]   *Id.*

[10]  *Id.*

[11]  ECF 1.

[12]  *Id.*

Kinsale, seeking a judicial declaration that Kinsale does have a duty to defend and indemnify JazAtlanta in the Underlying Lawsuit.[13]

On December 27, 2019, JazAtlanta filed its motion for summary judgment on both its counterclaim and Kinsale's claim.[14] Kinsale, likewise, filed its motion for summary judgment on its claim and JazAtlanta's counterclaim on December 30.[15] JazAtlanta filed a response in opposition to Kinsale's motion on January 16, 2020.[16] Kinsale filed a response in opposition to JazAtlanta's motion on January 24.[17] Kinsale and JazAtlanta filed replies on February 6 and 7, respectively.[18]

## II. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[13] ECF 6.

[14] ECF 31.

[15] ECF 32. McConnell filed his Answer to Kinsale's Complaint on July 16, 2019 [ECF 8], but did not file a motion for summary judgment or join JazAtlanta's motion. Since Kinsale requests summary judgment on its claim against both Defendants, all issues between the parties are resolved by this Order.

[16] ECF 33.

[17] ECF 37.

[18] ECF 41; ECF 43.

as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary" are not material. *Id*. A factual dispute is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

A party seeking summary judgment has the burden of informing the district court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant meets its burden, the non-movant opposing summary judgment must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Id*. at 324. The non-movant "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. If the evidence relied on by the non-movant is "merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249.

In determining whether a genuine issue of material fact exists, the evidence is viewed in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in favor of that party. *Id*. at 255. *See*

*also Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions" and cannot be made by the district court. *Anderson*, 477 U.S. at 255. *See also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Summary judgment for the moving party is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). *See also Anderson*, 477 U.S. at 250 ("The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.").

## III. DISCUSSION

Kinsale and JazAtlanta have filed cross motions for summary judgment on their parallel declaratory judgment claims as to whether Kinsale has a duty under the Policy to defend and indemnify JazAtlanta in the Underlying Lawsuit.

### a. Choice of Law

"In diversity cases, the choice-of-law rules of the forum state determine what law governs." *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d

927, 932 (11th Cir. 2013). For contract cases, "Georgia follows the traditional rule of *lex loci contractus*." *McGill v. Am. Trucking & Transp., Ins. Co.*, 77 F. Supp. 3d 1261, 1264 (N.D. Ga. 2015). Pursuant to this doctrine, "contracts are governed by the law of the place where they were made." *Id*. A contract is made in "the place where the last act essential to the completion of the contract was done." *Shorewood Packaging Corp. v. Com. Union Ins. Co.*, 865 F. Supp. 1577, 1578 (N.D. Ga. 1994). In instances where the "last act" occurred in another state, Georgia's choice-of-law rules "limit the application of [that] jurisdiction's laws to statutes and decisions construing those statutes." *Trusted Data Sols., LLC v. Kotchen & Low, LLP*, No. 1:14-cv-1419-TCB, 2015 WL 11251959, at *3 (N.D. Ga. Feb. 6, 2015) (collecting cases). As such, "when no statute is involved, Georgia courts apply the common law as developed in Georgia rather than foreign case law." *Id*.

Here, the record does not indicate where Kinsale and JazAtlanta performed the last act essential to the completion of their contract. According to the Complaint, Kinsale is an Arkansas and Virginia corporation and JazAtlanta is either a Florida or Georgia limited liability company.[19] This could implicate any of these states' laws. However, since Kinsale's declaratory judgment claim is not

---

[19]   ECF 1, ¶¶ 4-5.

premised on the interpretation of a statute, the Court may properly apply Georgia law to Kinsale's claim.

### b. Standard for Interpreting Insurance Contracts

A question of "[i]nsurance policy interpretation is appropriately decided at summary judgment." *Auto-Owners Ins. Co. v. Cribb*, No. 2:17-cv-106-RWS, 2019 WL 451555, at *4 (N.D. Ga. Feb. 5, 2019) (citing *Giddens v. Equitable Life Assurance Soc'y of the U.S.*, 445 F.3d 1286, 1297 (11th Cir. 2006) ("[T]he interpretation of an insurance policy, including the determination and resolution of ambiguities, is a question of law for the court to decide."). *See also* O.C.G.A. § 13-2-1 ("The construction of a contract is a question of law for the court."). The Court must apply the "ordinary rules of contract construction." *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 269 Ga. 326, 327 (1998). Three bedrock principles apply:

> [1] Any ambiguities in the contract are strictly construed against the insurer as drafter of the document; [2] any exclusion from coverage sought to be invoked by the insurer is likewise strictly construed; and [3] insurance contracts are to be read in accordance with the reasonable expectations of the insured where possible.

*Id.*

When interpreting insurance contracts, the Court must "ascertain the parties' intention by examining the contract as a whole." *Lyons v. Allstate Ins. Co.*, 996 F. Supp. 2d 1316, 1319 (N.D. Ga. 2014) (citing *Ryan v. State Farm Mut. Auto. Ins.*

*Co.*, 261 Ga. 869, 872 (1992)). If the contract's terms are plain and "unambiguous—meaning fairly susceptible to only one meaning—then the plain meaning of such terms must be given full effect, regardless of whether they might be beneficial to the insurer or detrimental to the insured." *Lyons*, 996 F. Supp. 2d at 1319 (citation omitted). *See also Cont'l Cas. Co. v. H.S.I. Fin. Servs., Inc.*, 266 Ga. 260, 262 (1996) ("As is the case with all contracts, unambiguous terms of an insurance policy require no construction, and the plain meaning of such terms must be given full effect, regardless of whether they might be beneficial to the insurer or detrimental to the insured."); *Giddens*, 445 F.3d at 1297 ("Where the language of the contract is unambiguous and only one reasonable interpretation is possible, the contract must be enforced as written."). If a term is ambiguous, then the Court must "resolve the ambiguity by applying the relevant canons of contract construction." *Lyons*, 996 F. Supp. 2d at 1319. *See also Ryan*, 261 Ga. at 872 ("If an ambiguity is present, the policy should be construed in favor of the insured and to provide maximum coverage.").

    **c.**     **Analysis**

The issue in this case is the proper scope of the "All Construction" provision in the Policy. This provision excludes from coverage any "bodily" or "personal"

injury "arising directly or indirectly out of, related to, or in any way involving any" of the listed construction activities.[20]

The parties agree on the critical facts. McConnell was at the Property on January 25, 2018 solely to perform carpentry work on various buildings. This carpentry work falls squarely within the listed construction activities excluded from coverage. At the precise time McConnell was injured, he was not performing carpentry work. Instead, McConnell had finished work for the day and was trying to leave the Property. As such, the only question before the Court is whether McConnell sustained alleged injuries "arising directly or indirectly out of, related to, or in any way involving" his construction work.

In Georgia, an exclusion to insurance coverage is given a "narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms." *Cincinnati Ins. Co. v. Page*, 188 Ga. App. 876, 877–78 (1988). Such exclusions are "strictly construed against the insurer and in favor of coverage." *York Ins. Co. v. Williams Seafood of Albany, Inc.*, 273 Ga. 710, 712 (2001). An insurer attempting to "invoke a policy exclusion carries the burden of

---

[20]  *Id*. at 46.

proving its applicability in a given case." *Am. Strategic Ins. Corp. v. Helm*, 327 Ga. App. 482, 486 (2014). Notwithstanding, an exclusion that is "plain and unambiguous binds the parties to its terms and must be given effect, even if beneficial to the insurer and detrimental to the insured." *Garland, Samuel & Loeb, P.C. v. Am. Safety Cas. Ins. Co.*, 287 Ga. App. 254, 256 (2007). *See also Cont'l Cas. Co.*, 266 Ga. at 262 ("Under Georgia law, an insurance company is free to fix the terms of its policies as it sees fit, so long as such terms are not contrary to law, and it is equally free to insure against certain risks while excluding others."). At bottom, the Court cannot "strain to extend coverage where none was contracted or intended." *Garland*, 287 Ga. App. at 256.

The language of the All Construction exclusion provision is unambiguous; the parties agreed to not extend coverage for injuries "arising directly or indirectly out of, related to, or in any way involving" the listed construction activities. Georgia courts broadly construe the term "arising out of" in an insurance policy to require only "but for" causation. *Hays v. Ga. Farm Bureau Mut. Ins. Co.*, 314 Ga. App. 110, 114 (2012) (citing *Barrett v. Nat. Union Fire Ins. Co.*, 304 Ga. App. 314, 321 (2010) ("When the phrase 'arising out of' is found in an exclusionary clause of an insurance policy, we apply the 'but for' test traditionally used to determine cause-in-fact for tort liability.")). *See also Evanston Ins. Co. v. Healthcare Staffing, Inc.*, No.

4:08-cv-00173-HLM, 2009 WL 10699224, at *7 (N.D. Ga. Aug. 27, 2009) (citing *Cont'l Cas. Co.*, 266 Ga. at 262 ("The test to determine whether a claim arose out of excluded conduct is essentially a 'but for' analysis.")); *Video Warehouse, Inc. v. S. Tr. Ins. Co.*, 297 Ga. App. 788, 791 (2009) ("The exclusionary clause is focused solely upon the genesis of the underlying plaintiff's claims—if those claims arose out of the excluded acts, as they did, then coverage need not be provided. Claims arise out of excluded conduct when 'but for' that conduct, there could be no claim against the insured.") (citation and punctuation omitted).

Here, McConnell was only on the Property to perform carpentry work, which is excluded from coverage by the All Construction provision. He sustained his alleged injuries attempting to leave the Property after completing this work. Put another way, but for his carpentry work, McConnell would not have been on the Property, would not have attempted to lift the gate, and his alleged injuries would not have occurred. Application of Georgia's "but for" causation rule demonstrates that McConnell's alleged injuries fall within the All Construction provision and are, thus, excluded from coverage. Indeed, the exclusion here is broader than the Georgia cases establishing the "but for" test, as it includes claims ***directly or indirectly*** arising out of, related to, or in any way involving the construction activities.

JazAtlanta contends the All Construction exclusion provision is ambiguous and does not bar coverage because it (1) does not define the term "building or structure," which may not include the steel gate that allegedly injured McConnell, and (2) does not clearly define causation; *i.e.*, whether the exclusion applies even though McConnell was not in the act of performing construction work at the precise moment he was allegedly injured. The Court does not agree.

"Ambiguity in an insurance contract is duplicity, indistinctiveness, uncertainty of meaning of expression, and words or phrases which cause uncertainty of meaning and may be fairly construed in more than one way." *Ga. Farm Bureau Mut. Ins. Co. v. Meyers*, 249 Ga. App. 322, 324 (2001) (citing *Allstate Ins. Co. v. Grayes*, 216 Ga. App. 419, 422 (1995)). *See also Helm*, 327 Ga. App. at 486 (finding policy exclusion ambiguous because it was "subject to at least two reasonable interpretations, one providing coverage for the accident and one excluding coverage"). Here, the All Construction Provision is plain and unambiguous. No reasonable person in JazAtlanta's position would ascribe more than one meaning to it. *Langdale Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, 110 F. Supp. 3d 1285, 1313 (N.D. Ga. 2014) (citing *Gulf Ins. Co. v. Mathis*, 183 Ga. App. 323, 324 (1987) ("[I]n construing an insurance contract the test is not what the insurer intended its words to mean, but rather what a reasonable person in the

insured's position would understand them to mean.")). *See also W. Pac. Mut. Ins. Co. v. Davies*, 267 Ga. App. 675, 680 (2004) (stating contract term is ambiguous when it "may be subject to reasonable alternative meanings . . . [or] fairly understood in more ways than one").

JazAtlanta's first argument advocates for an unreasonable interpretation—the plain words of the exclusion provision did not require McConnell to be performing construction work *on the gate itself*. Instead, the exclusion broadly covered bodily injuries arising "directly or indirectly out of, related to, or in any way involving" the construction of "any building or structure of any description." As stated, all parties agree McConnell was on the Property solely to perform construction work on various buildings. Thus, McConnell's injuries arose out of, were related to, and in one or more ways involved his construction work.

Second, JazAtlanta's causation argument is equally unreasonable. Again, the All Construction provision broadly excludes from coverage bodily injuries directly or indirectly related to a list of construction activities. JazAtlanta presents no evidence that these unambiguous terms are otherwise limited to situations in which McConnell was engaged in a construction activity at the precise moment he was injured. No reasonable insured would understand these terms to be so narrow. This, too, is insufficient to show an ambiguity.

In sum, the All Construction exclusion is unambiguous and must be enforced according to its terms. *Hayes*, 314 Ga. App. at 112. McConnell's injuries here fall squarely within this exclusion and are not covered under the Policy. Therefore, Kinsale has no duty to defend or indemnify JazAtlanta in the Underlying Lawsuit.

## IV. CONCLUSION

JazAtlanta's motion for summary judgment [ECF 31] is **DENIED** and Kinsale's motion for summary judgment [ECF 32] is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Kinsale and close the case.

**SO ORDERED** this the 1st day of September 2020.

_____
Steven D. Grimberg
United States District Court Judge